Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>DERMA NOOR, INC., a California Corporation; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff August Image, LLC hereby prays to this Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

# PARTIES

4. August is a New York limited liability company located in New York, NY. A full-service rights managed collection, August represents an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing.

5. Upon information and belief, Defendant Derma Noor, Inc. ("Derma Noor") is a California corporation with a principal place of business located at 14331 Euclid Street, Suite 104, Garden Grove, CA 92841. Defendant owns, operates, and/or controls the commercial website www.dermanoormedspa.com and its related/affiliated subdomains, mobile websites, social media pages, and applications, including instagram.com/dermanoormedspa/ (altogether, "Defendant's Website").

6. Upon information and belief, Defendants DOES 1-10 (together with Derma Noor, "Defendants") are other parties not yet identified who have infringed the asserted copyrights, have contributed to the infringement of the asserted copyrights, or have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants 1-10, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

7. Upon information and belief, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

# DEFENDANT'S UNAUTHORIZED EXPLOITATION OF THE SUBJECT PHOTOGRAPH

8. A photographer represented by August took and owns the copyrights in an original photograph registered with the U.S. Copyright Office (the "Subject Photograph"). August is the exclusive licensing agent for that photographer and the Subject Photograph, entitling August to maintain this action under 17 U.S.C. § 501(b).

9. Following the publication and display of the Subject Photograph, Defendants, and each of them, exploited the Subject Photograph without August's authorization for commercial purposes on Defendant's Website (the "Accused Post"):



| # | Subject Photograph | Accused Post |
|---|---|---|
| 1. | AU2373237.jpg | https://www.instagram.com/p/CtAHc4pSuoB/ |

10. To the extent Defendants exploited the Subject Photograph more than three years before the filing of this case, August did not know, and had no reason to know, of such exploitations.

11. In July 2025, August sent correspondence to Derma Noor demanding that it cease and desist from its unauthorized use of the Subject Photograph and provide

information regarding that use to explore an amicable resolution to this dispute. Derma Noor did not respond, necessitating this action.

## FIRST CLAIM FOR RELIEF

### (Direct Copyright Infringement – Against All Defendants, and Each)

12. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

13. Upon information and belief, Defendants, and each of them, had access to the Subject Photograph, including through Plaintiff's and or the relevant photographer's websites, social media accounts, profiles, galleries, exhibitions, and/or authorized licensees; third-party websites or Internet search engines; and/or because the copies displayed on Defendant's Website are verbatim copies of, and thus strikingly similar to, the Subject Photograph.

14. Defendants, and each of them, copied, displayed, distributed, reproduced, and otherwise exploited the Subject Photograph for commercial purposes on Defendant's Website without Plaintiff's authorization.

15. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

16. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to the infringement in an amount to be established at trial.

17. Upon information and belief, Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of, or with reckless disregard or willful blindness for, Plaintiff's rights in the Subject Photograph, such that said acts of copyright infringement were willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and/or anyone else working on behalf of or in concert with Defendants and/or their respective agents, be enjoined from further exploiting the Subject Photograph for commercial purposes in any manner without Plaintiff's authorization absent some independent legal right;

b. That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees as available under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 31, 2025          DONIGER / BURROUGHS

By:   /s/ *Stephen M. Doniger*
      Stephen M. Doniger, Esq.
      Benjamin F. Tookey, Esq.
      *Attorneys for Plaintiff*